Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant Benjamin John Silva

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>BENJAMIN JOHN SILVA,<br><br>                Defendant. | Case No. 23-CR-35<br><br>**SENTENCING MEMORANDUM** |

Pursuant to a plea agreement, Defendant pled guilty to one count of Civil Disorder in violation of 18 U.S.C. §231(a)(3). Mr. Silva is extremely remorseful for his misconduct on January 6, 2021, and his offense has directly cost him his livelihood and put his family in financial jeopardy. For the reasons articulated below, the Court should impose a sentence of probation including some term of home detention as sufficient, but not greater than necessary to meet the §3553(a) criteria.

**I. Sentencing Factors**

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed –

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
  (A) the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-
    (i) issued by the Sentencing Commission [. . .]
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [. . .]
(5) and pertinent policy statement –
  (A) issued by the sentencing commission [. . .]
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2).  Id.

## II.  Argument

### a.  Advisory Guidelines

There is no dispute with probation's calculation of the advisory guideline sentencing range with reference to a Criminal History Category I, Total Offense Level 11, for an advisory guideline range of 8-14 months.  Since this is within Zone B of the sentencing chart, "the minimum term may be satisfied by . . . a sentence of probation that

*United States v. Benjamin John Silva*
Case No. 23-CR-35

includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e)", which therein provides for "[o]ne day of home detention for one day of imprisonment." U.S.S.G. §5C1.1(c), (e).

### b. Statutory Sentencing Criteria

In applying the §3553(a) criteria to this case, a probationary sentence including some term of home detention would be appropriate.

### 1. Nature and Circumstances of the Offense

The circumstances surrounding the riot at the Capitol on January 6, 2021, are well known to the parties and the Court, and are highlighted in the Presentence Investigation Report at Docket 246, paragraphs 28-35. During a brief interval of approximately 15 minutes, Silva was in the tunnel with other rioters pushing against the police line and attempting to enter the building. He eventually made it to the front of that group and was leaning against the shield wall. He was subsequently blasted in the face with a large amount of chemical spray, then left. At no point did he strike any of the officers, nor did he work with or encourage others to strike or otherwise physically assault them. Silva is extremely remorseful for his misconduct on that day, and his actions do not reflect his nature or character.

//

## 2. History and Characteristics of the Offender

Silva is 37 years old, and lives with his wife Michelle and four minor children, Ava (12), Isaiah (8), Lydia (5), and Josiah (3), in a modest home in Yacolt, Washington (about an hour from Portland, Oregon). Prior to the charges in this case, he was gainfully employed for approximately fifteen years as a tug-boat captain earning $60 an hour and had a strong work history. *See* Docket 246, at 16-17. He was and is the sole provider for the family of six. In June of this year, however, his credentials were not renewed due to the charges in the instant case. He is presently unemployed and making ends meet by cashing out the 200 hours of vacation time he had previously accrued. Id., at 16. As of this filing, Silva is attempting to obtain full time employment in order to continue providing for the family.

Other than one traffic ticket when he was 24, Silva had no law enforcement contacts prior to January 6, 2021, and has had no alleged violations since. His entire criminal history involves the offense conduct in this case. Silva doesn't use drugs or drink to excess. There is no evidence or reason to believe that Silva is not an ordinary, decent, and productive member of his community aside from his offense conduct from one day in 2021. Based upon his age and low-level offense conduct, there is no reason to suspect that he will reoffend. See The Effects of Aging on Recidivism Among Federal Offenders (ussc.gov). This sentencing factor mitigates in favor of a probationary sentence.

Due to his extremely low offense level, lack of criminal history, and limited involvement in the January 6 riot, Silva ought to receive a sentence of probation. The probation officer who drafted the Presentence Investigation Report recommends a probationary sentence with home detention. *See* Docket 247, at 1-5. Should the Court deem that a term of punitive detention is necessary under §3553(a), a short term of home detention would be sufficient, but not greater than necessary. Congress has specifically provided for this form of punishment in 18 U.S.C. §3563(b) and (b)(19):

> The Court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant – [. . .] remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephonic or electronic signaling devices, except that a condition under this paragraph may be imposed only as an alternative to incarceration[.]

A term of probation with a condition substituting home detention for the term of incarceration the Court would otherwise impose, on a day-for-day basis, would be reasonable and fair under the circumstances.

### III. Conclusion

For the aforementioned reasons, a probationary sentence including some term of home detention appropriate. Should the Court order a term of incarceration, Defendant respectfully requests that the Court impose intermittent confinement, or alternatively that he be designated to a facility in Sheridan, Oregon, in order to remain close to family.

*United States v. Benjamin John Silva*
Case No. 23-CR-35

DATED this 3rd day of September, 2024.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Burke Wonnell*
Burke Wonnell
Assistant Federal Defender

Certificate of Service:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA by using the district's CM/ECF system on September 3, 2024. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*